## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Deborah Laufer | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil No. 3:20-CV-00861-JCH |
| | : | |
| Stratford Hotel Partners, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | August 27, 2020 |

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Defendant,

STRATFORD HOTEL PARTNERS, LLC, by and through its undersigned counsel, submits this

memorandum of law in support of its motion to dismiss the Complaint.  As set forth more fully

below, the Complaint must be dismissed due to a lack of subject matter jurisdiction because

Plaintiff lacks standing.  In the alternative, dismissal should be granted on the ground that

Plaintiff has failed to state a claim upon which relief may be granted.

### I.     The Nature of the Proceedings

Plaintiff, a resident of Florida, alleges that she is an advocate of the rights of similarly

situated disabled persons and is a "tester" for the purpose of asserting civil rights and

"monitoring, ensuring, and determining whether places of public accommodation and their

websites are in compliance with the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

("ADA")  Complaint, ¶ 2.  Plaintiff claims to be a disabled individual who ambulates with a

wheelchair or with a cane and has limited use of her hands such that she has difficulty operating

mechanisms that require tight grasping, twisting of the wrist or pinching.  Complaint, ¶ 1.

1

According to the PACER Case Locator, Deborah Laufer *has filed over 400 cases during the past year* in various United States District Courts throughout the United States,[1] including nineteen in the District of Connecticut.   See PACER search results in the Appendix being filed separately with this memorandum.[2]

Defendant is alleged to be the owner of a place of public accommodation known as the Honeyspot Motor Inn in Stratford, Connecticut.  Complaint, ¶ 2.  *There is no claim that Plaintiff has ever been to the Honeyspot Motor Inn or even to Stratford, Connecticut.*  Rather, Plaintiff alleges that the "county property records" reflect that the Defendant is the property owner and that Plaintiff has visited hotel reservation websites for the Defendant's hotel, including third party websites such as Expedia and Orbitz, for the purpose of ascertaining whether the websites meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs.  Complaint, ¶¶ 2, 10.   She contends that she was unable to do so because the websites allegedly failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e) in that they failed to include sufficient information about accessibility in the hotel.  Complaint, ¶ 10.  Plaintiff alleges that she intends, at some unspecified time in the near future, to revisit the Defendant's website and/or online reservation systems to test them for compliance and/or to reserve a guest room and otherwise avail herself of the accommodations of the property.  Complaint, ¶ 11.

There is no information regarding any past or future travel plans with respect to visiting Stratford, Connecticut or, more specifically, the vicinity of the Honeyspot Motor Inn.  Instead,

---

[1]  The PACER search result reflects federal cases filed by Deborah Laufer during the past year in Colorado, Connecticut, the District of Columbia, Florida (Northern, Middle and Southern Districts), Georgia (Middle, Northern and Southern Districts), Illinois (Central, Northern and Southern Districts), Massachusetts, Maryland, New Jersey, New York (Eastern, Northern, Southern and Western Districts), Pennsylvania (Western District), Rhode Island, Texas (Western District) and Wisconsin (Western District).  See separately filed Appendix to Defendant's Memorandum in Support of Motion to Dismiss.

[2] Due to the number of federal cases that have been filed by Deborah Laufer, the Pacer search results, when printed, consist of 84 pages.  As a result, it is being filed as a separate Appendix rather than as an exhibit to this memorandum.

Plaintiff makes the conclusory allegation that the violations on these websites infringe her right to travel free of discrimination and has caused her to suffer "frustration and humiliation." Complaint, ¶ 13.  She seeks an injunction ordering Defendant to alter the subject websites to make them readily accessible and useable as well as attorney's fees and costs.  Complaint, ¶ 20.

## II.    The Complaint Must Be Dismissed for Lack of Standing

It is well-established that a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted where the plaintiff has failed to establish subject matter jurisdiction. *Fed. R. Civ. P. 12(b)(1)*; *Mararova v. United States*, 201 F.3d 110 (2d Cir. 2000). The doctrine of standing is an essential part of Article III's case or controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  In assessing a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint, but it refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).

In order to establish standing pursuant to Article III of the U.S. Constitution, a plaintiff must show (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) a causal connection between the injury and the conduct complained of and (3) it is likely, as opposed to merely speculation, that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61.  A plaintiff cannot allege "a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Spokeo, Inc v. Robins*, 136 S.Ct. 1540, 1549 (2016).  To be "concrete," the injury "must actually exist," and it must be "real" rather than "abstract."  *Id.* at 1548.

Furthermore, when the plaintiff is seeking injunctive or declaratory relief, he cannot rely solely on past injury to satisfy the injury requirement but must show a likelihood of future harm. *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cr. 1998).  In addition, in the context of an ADA claim, the Second Circuit has recognized that standing exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [public accommodation] to plaintiff's home, that plaintiff intended to return to the subject location."  *Kriesler v. Second Ave. Diner Corp.,* 731 F.3d 184, 187-188 (2d Cir. 2013).

Plaintiff does not have standing to bring the present action because, even if the allegations of the Complaint were true, the Complaint fails to establish the existence of a real threat of future injury.   There are no facts alleged in the Complaint that Plaintiff visits the vicinity of the Defendant's hotel in Stratford, Connecticut with sufficient frequency to establish standing in this case.  Indeed, there is no indication that Plaintiff ever has been to Stratford, Connecticut or that she has any reason in the future to travel or seek lodging in Stratford at or near the Honeyspot Motor Inn.

To have standing, an ADA plaintiff must show a "plausible" intent to return to the cite of the violation.  *Harty v. Simon Property Group*, 428 Fed.Appx. 69, 2011 WL 2559227, * 2 (2d Cir. 2011).   See also *Access 4 All, Inc. v. G & T Consulting Co., LLC*, 2008 WL 851918, * 4 (S.D.N.Y. 2008).  Plausibility must be demonstrated "with reasonable specificity; speculative 'some day' intentions to return are insufficient."  *Access 4 All*, 2008 WL 851918 at * 4 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. at 564).

4

Plaintiff's allegation that she is a "tester" is not sufficient to establish subject matter jurisdiction. *Harty v. Greenwich Hospitality Group*, 536 Fed.Appx. 154, 155 (2d Cir. 2013) (finding the plaintiff's assertion that he visits public accommodations as an ADA "tester" failed to establish standing as it lacked "the requisite link to Stamford, Connecticut" where the defendant's hotel was located); *see also Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services").

The Second Circuit's decision in *Harty v. Greenwich Hospitality Group*, 536 Fed. Appx. 154, 155 (2d Cir. 2013) is controlling precedent on the issue of standing in the present action. The plaintiff, a Florida resident, claimed that the defendant's Hampton Inn in Stamford, CT discriminated against him by failing to confirm its facility to the requirements of the ADA. Although plaintiff alleged that he had visited the property once in the past and that he planned to return to the Property, the District Court (Covello, J.) dismissed the action for lack of standing. On appeal, the Second Circuit affirmed, concluding that plaintiff had failed to adequately demonstrate a basis for inferring that he would return to Stamford, CT for an overnight stay. *Id.* Even though the plaintiff claimed that he often visited his family in Nyack, NY, which is a short distance from Stamford, and he frequently traveled nationwide for gun shows, the U.S. Court of Appeals for the Second Circuit concluded that his complaint did not evidence any concrete plan to stay overnight in Stamford in the future. *Id.* In addition, the plaintiff's assertion that he visits public accommodations as an ADA "tester" was held to be unavailing because it also lacked the requisite link to Stamford, CT. *Id.*

Courts in other jurisdictions also have concluded that tester status is not sufficient to confer standing for ADA claims.  In *Hernandez v. Caesars License Co*., Civil No. 19-06090, 2019 WL 4894501 at *1 (D.N.J. Oct. 4, 2019),  the plaintiff, a Florida resident, brought suit against the operator of an Atlantic City hotel and casino alleging that its website violated 28 C.F.R. Section 36.302(e)(1).  Concluding that the plaintiff could not demonstrate a concrete injury because there was no definitive plan for the plaintiff to stay at the subject hotel, the court dismissed the action for lack of standing despite plaintiff's alleged "tester" status.  *Id.* at *3.  See also *Kennedy v. Solano*, 735 Fed. Appx. 653 (11th Cir. 2018) (affirming dismissal for lack of standing where disabled plaintiff, who brought suit as a patron and tester, did not live in close proximity to defendant's restaurant, only visited the restaurant once before filing suit, and failed to allege a definite time when she would return in the future; conclusory allegation that she intended to return to the restaurant when it was ADA compliant was insufficient); *Norkunas v. Park Road Shopping Center, Inc*., 777 F.Supp.2d 998 (W.D.N.C. 2008), aff'd 474 Fed. Appx. 369 (4th Cir. 2012) (granting motion to dismiss on the ground that plaintiff did not have a sufficiently particularized injury-in-fact for standing in ADA action, where plaintiff was domiciled in Florida with a residence in N.C., the N.C. residence was 120 miles from defendant's shopping center, plaintiff had been to the center on only one occasion, and plaintiff's plan to return was only a vague statement to return "after the holidays").

Similarly, in the present action, the Plaintiff does not have standing to bring this action because the Complaint is devoid of any factual allegation that Plaintiff has any reason to travel to Stratford, Connecticut or that she has any concrete plan to stay overnight in Stratford, CT in the near future.  There is no indication that Plaintiff has traveled to Connecticut, much less stayed overnight at a hotel in Stratford.  Her "tester" status does not relieve her of the obligation to

establish a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury.

Significantly, in virtually identical actions that Plaintiff has filed in the U.S. District Court for the Northern District of New York, the court recently issued orders, *sua sponte,* directing Plaintiff to brief the issue of subject matter jurisdiction.  *See Laufer v. 1110 Western Albany, LLC,* docket no. 1:19-CV-01324, 2020 WL 2309083 (N.D.N.Y. May 8, 2020); *Laufer v. Laxmi & Sons, LLC,* docket no. 1:19-cv-01501, 2020 WL 2200207 (N.D.N.Y. May 6, 2020).  In questioning whether the Plaintiff had standing, the court noted that there was no indication that Plaintiff ever had traveled to Rennselaer, NY, where the defendants' hotels are located, or that she has any reason to travel or seek lodging in New York.  The court also cited case law stating that Plaintiff's asserted status as a "tester" does not confer standing because it lacks the requisite link to the location of the defendant's hotel.  *Laufer v. 1110 Western Albany, LLC,* 2020 WL 2309083, *4; *Laufer v. Laxmi & Sons, LLC,* 2020 WL 2200207, * 5.

 In summary, Plaintiff does not have standing to seek injunctive relief because she has not shown a concrete particularized plan to visit the Defendant's hotel in the near future and, therefore, has failed to demonstrate a real and immediate threat of repeated injury.  Accordingly, this action must be dismissed pursuant to Rule 12(b)(1) or, in the absence of dismissal, Defendant alternatively requests that the Court allow limited discovery on the issue of standing and then schedule a hearing on the motion to dismiss.

III.    **The Complaint Must Be Dismissed, Pursuant to Rule 12(b)(6), for Failure to State a Proper Claim for Relief.**

Pursuant to Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief can be granted.  "A complaint must be dismissed if it does not plead enough facts to state a claim for relief that is plausible on its face."  *Brown v. Daikin Am. Inc.,*

7

756 F.3d 219, 225 (2d Cir. 2014).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*

### A.  There is No Private Right of Action for a Violation of 28 C.F.R. § 36.302(e).

The Complaint here does not state a proper claim for relief because there is no allegation that Defendant violated any specific provision of the ADA.  Instead, Plaintiff claims that various hotel websites, including websites operated by third-parties, "failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e)."  Complaint, ¶ 10.  However, there is no basis for a private right of action under this regulation.

In *Alexander v. Sandoval*, 532 U.S. 275, 121 S. Ct. 1511, 149 L.Ed.2d 517 (2001), the Supreme Court addressed whether a private right of action existed to enforce a Dept. of Justice regulation promulgated under Title VI of the Civil Rights Act of 1964.  *Id.*, 532 U.S. at 278.  The Court observed that, even though it previously had held that Congress intended Section 601 of Title VI to be enforceable through a private right of action, that right did not automatically extend to the statute's implementing regulations.  *Id.* at 291.  Because the regulation substantively expanded § 601's prohibition on intentional discrimination, rather than simply applying it, the Court held that the regulation was not enforceable through a private right of action.  *Id.* at 285.  See also *Abrahams v. MTA Long Island Bus*, 644 F.3d 110 (2d Cir. 2011) (affirming dismissal for lack of a private right of action where the regulation, 49 C.F.R. § 37.137(c), imposed obligations not found in the ADA statute); *Lonberg v. City of Riverside,* 571 F3d 846, 852 (9th Cir. 2009) (plaintiff lacked private right of action to enforce ADA regulation because the obligations imposed "are nowhere to be found" in § 202 of Title II).

The regulation at issue, 28 C.F.R. § 36.302(e)(1), does not provide a private right of action because it purports to impose obligations that go beyond the statutory provisions of the ADA. For example, while there is no provision in the ADA that a place of public accommodation identify and describe in its reservation system the accessible features in its hotel and guest rooms, there is such a provision in the regulation. Because this would be a substantive expansion of the requirements of the ADA, there is no private right of action to enforce 28 C.F.R. § 302(e)(1).

Accordingly, the Complaint must be dismissed for failure to state a proper claim for relief.

**B.      Plaintiff Has Failed to State a Proper Claim for Relief Because Accessibility Features Depend Upon When the Hotel was Constructed or Whether it is an Altered Facility.**

A further ground for dismissal pursuant to Rule 12(b)(6) is that the accessibility features required by the ADA are not uniform for all public accommodations but rather depend upon, for example, if the facility is "new construction" or is an "altered" facility. *42 U.S.C. § 12183*. Moreover, with respect to an "altered" facility, the obligation to make the altered portions of the facility accessible to and usable by disabled individuals is expressly limited by the statute to "the maximum extent feasible." *42 U.S.C. § 12183(a)(2).*

The Final Rules promulgating 28 C.F.R. § 302(e)(1)(ii) recognized that "the information and level of detail needed will vary based on the nature and age of the facility." See Nondiscrimination on the Basis of Disability in State and Local Government Services, 75 Fed. Reg. 56,236-01, 56,274 (Sept. 15, 2010) (to be codified at 28 C.F.R. pt. 36) ("Final Rules"). The Department of Justice recognized that "[b]ecause of the wide variations in the level of

accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance." Id.

The Complaint in the present action is entirely devoid of allegations regarding the nature and age of the Defendant's facility or whether the Defendant has made an alteration under the ADA. There also are no allegations with respect to the specific accessibility requirements that Plaintiff contends are applicable to the Defendant's ownership of this facility. Accordingly, regardless of whether there is a private right of action for the enforcement of 28 C.F.R. § 302(e)(1), Plaintiff has failed to state a proper claim for relief and, therefore, the action must be dismissed.

### Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Plaintiff's Complaint be dismissed under Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6). Absent dismissal, Defendant respectfully requests, in the alternative, that limited discovery on standing be permitted and a hearing scheduled prior to further litigation in this proceeding.

Respectfully submitted,
DEFENDANT
Stratford Hotel Partners, LLC

By:_____/s/ ct05888_____
Beverly Knapp Anderson ct05888
NEUBERT PEPE MONTEITH P.C.
Its Attorneys
750 Main Street, Suite 200
Hartford, CT  06103
(860) 548-1122 Phone
(860) 548-1223 Fax
Email: bknapp@npmlaw.com

**<u>Certificate of Service</u>**

I hereby certify that on this 27th day of August, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Laura Kay Wilson, Attorney
Wilson Law
2842 Main Street, Suite 332
Glastonbury, CT 06033
wilson@kaywilsonlaw.com

        /s/ ct05888 _____
Beverly Knapp Anderson ct05888
NEUBERT PEPE MONTEITH P.C.
Its Attorneys
750 Main Street, Suite 200
Hartford, CT  06103
(860) 548-1122 Phone
(860) 548-1223 Fax
Email: bknapp@npmlaw.com