IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**DEBORAH LAUFER,**
    **Plaintiff,**

v.                                       Case No: 3:20-cv-861-JCH

**STRATFORD HOTEL PARTNERS LLC,**
    **Defendant.**

**PLAINTIFF'S MOTION TO STRIKE REPLY
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY**

Plaintiff, by and through undersigned counsel, hereby submits this Motion to Strike Defendant's Reply Memorandum, filed at DE 31. In the alternative, Plaintiff respectfully requests that this Court grant leave to file a Sur-Reply.

1. On August 27, 2020, Defendant filed its first Motion To Dismiss and Memorandum. DE 14. The Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss on September 10, 2020. DE 18. The Defendant filed a Reply Memorandum on October 5, 2020. DE 31.

3. In its Reply Memorandum, the Defendant introduced three previously un-cited cases, two of which were decided in 2019 and should have been mentioned in the Memorandum in Support of its Motion to Dismiss. See Def's Reply Memorandum, DE 31, at p. 2 (Brintley v. Aeroquip Credit Union, 936 F.3d 489, 494 (6th Cir. 2019); Carello v. Aurora Policemen Credit Union, 930 F.3d 830, 834 (7th Cir. 2019)) An additional case is cited from a recent decision in 2020. *Id*. (Laufer v. Arpan, LLC, Case No. 1:19-cv-200-AW-GRJ (N.D. Fla. Sept. 25,

1

      2020).

4.     In its Reply Memorandum, the Defendant also raises the issue of Mootness for the first time. Id. at p. 3.

For the reasons set forth above and the legal analysis set forth below, Defendant's Reply Brief must be stricken. In the alternative, Plaintiff must be granted leave to file a sur-reply so that she may, in fairness, analyze and make her argument regarding the new cases cited and the new mootness theory raised for the first time in the Reply Memorandum.

## Memorandum

It is well established that arguments that were not properly presented in a party's initial brief or are raised for the first time in the reply brief are deemed waived. *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir. 1999); *Knipe v. Skinner,* 999 F.2d 708, 710-11 (2d Cir. 1993); *NLRB v. Star Color Plate Service, Div. Of Einhorn Ent., Inc.*, 843 F.2d 1507, 1510 n. 3 (2d. Cir. 1988); *United States v. Gigante*, 39 F.3d 42, 50 n.2 (2d. Cir. 1994). This includes situations where the reply brief cites legal authority that was omitted in the original brief. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 113 (2d Cir., 1999).

Defendant's Reply brief is replete with new arguments it failed to make and citations to cases it failed to reference in its earlier Memorandum on the issue of standing. Defendant has no excuse for having failed to properly present these arguments or cite references in its Memorandum in Support of its Motion to Dismiss and should not have waited until filing its Reply Memorandum to complete its research.

Because Defendant is citing new cases and new theories for the first time, Plaintiff is prejudiced because she has no opportunity to rebut them.

## Conclusion

For the foregoing reasons, Defendant's Reply Brief must be stricken or, in the alternative, Plaintiff must be granted leave to file a sur-reply.

Respectfully submitted,

For the Plaintiff, DEBORAH LAUFER,

By:  L. Kay Wilson, Esq. Fed. Juris ct16084
WILSON LAW LLC
2840 Main Street, #332
Glastonbury, CT 06033
(860)559-3733 Tele/Text
Wilson@KayWilsonLaw.com

## Certificate of Meet/Confer

I hereby certify that I conferred with Defendant's attorney with respect to the instant motion and the Defendant opposes it.

## Certificate of Service

I hereby certify that on the 10th day of October, 2020, a copy of the foregoing Motion to Strike or Leave to File a Sur-reply was filed electronically and served on all counsel of record via the Court's CM/ECF system.

/s/ L. Kay Wilson, Fed. Juris ct16084
